IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-79-F-4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| ALISON PAIGE HILL, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the State Bureau of Investigation. Defendant presented the testimony of the proposed third-party custodian, her mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in count 1 of a 22-count indictment on 23 April 2014 with conspiracy to manufacture, distribute, dispense and possess with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine beginning in or about January of 2007 and continuing up to and including on or about the date of

the indictment, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The evidence presented at the hearing showed that defendant is a longstanding methamphetamine addict, having used it for the past 20 years since she was 16.  Her participation in the alleged conspiracy has included smurfing, that is, obtaining pseudoephedrine for cooking into methamphetamine.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government.  In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following:  evidence showing that the government has a strong case, including the defendant's own statements and recovery of methamphetamine-related chemicals and equipment through execution of search warrants; the drug-related nature of the offense charged; the circumstances of the offense charged, including the length and scope of the alleged conspiracy; defendant's criminal record, including 13 misdemeanor convictions, her repeated violation of probation by commission of additional offenses and other misconduct (including violation each time since being placed on probation since 2001), and her incursion of pending charges in March 2014 while on probation;  the danger of continued offense conduct by defendant if released; defendant's denial that she is an addict and refusal to participate in treatment; the unsuitability of the proposed third-party custodial arrangement due to proposed custodian's attention to two boarders already in her home and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 6th day of May 2014.

_____
James E. Gates
United States Magistrate Judge

P:\Gates\Criminal\Detention Orders\Hill Detention Order (presumption) 5-6-14.docx