IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-79-FL-4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALISON PAIGE HILL, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's response to the court's July 12, 2018, order wherein the court notified defendant of the court's intent to recharacterize defendant's "motion to remove gun enhancement" (DE 526) and motion to reduce sentence pursuant to Amendment 794 (DE 527), as motions under 28 U.S.C. § 2255. Defendant does not consent to recharacterization, but rather seeks for the district court to "discuss the consequential disadvantages or the advantages of having her motion recharacterized before Petitioner gives consent for the Court to recharacterize the instant petition." (Resp. (DE 535) at 2). The court does not have jurisdiction to provide an advisory opinion or discussion of law. Where defendant has not consented to the court's intended recharacterization, the court thus disposes of the motions "in accordance with the applicable procedural and jurisdictional rules of law governing criminal case matters." (Order (DE 533) at 2).

Outside of the context of a motion under 28 U.S.C. § 2255, the court's jurisdiction to provide post-conviction relief is highly circumscribed. In her first motion, defendant asks the court to remove a "gun enhancement" imposed at sentencing so that she may qualify for a residential drug treatment program. (Mot. (DE 526) at 1). Here, the court imposed a two-level enhancement

pursuant to U.S.S.G. § 2D1.1(b)(1), in calculating defendant's advisory guidelines range. (Tr. (DE 415) at 27). The court does not have jurisdiction to remove a sentencing enhancement on substantive grounds after the judgment of conviction and sentence has entered and after appeal has been completed. See Fed. R. Civ. P. 35(a); 28 U.S.C. 3582(b). Accordingly, defendant's motion to remove gun enhancement (DE 526) is DENIED.

In her second motion, defendant seeks reconsideration of the application of guidelines Amendment 794, pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Here, given that Amendment 794 became effective on November 1, 2015, before defendant's sentencing and conviction on December 2, 2015, Amendment 794 does not result in "a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Accordingly, where § 3582(c)(2) does not provide a basis for reduction of defendant's sentence, defendant's motion (DE 527) is DENIED.

In sum, defendant's motions for post conviction relief (DE 526, 527) are DENIED, without recharacterizing them as arising under 28 U.S.C. § 2255.

SO ORDERED, this the 3rd day of October, 2018.

                                                  LOUISE W. FLANAGAN
                                                  United States District Judge